FILED

08 JAN 30 PM 4:40

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____  PDZ  DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

January 2007 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. '08 CR 0256 L |
| Plaintiff, | I N D I C T M E N T |
| v. | Title 21, U.S.C., |
| LEE VAUGHN WALKER (1), | Secs. 841(a)(1) and 846 - |
| aka "Lee Dog", | Conspiracy to Distribute Crack |
| MELVIN ALEXANDER (2), | Cocaine and Methamphetamine; |
| ELEODORO CASTILLO-URBINA (3), | Title 21, U.S.C., |
| aka "Onko", | Sec. 841(a)(1) - Distribution of |
| aka "Uncle", | Crack Cocaine; |
| DAPHNE ROSALINDA JACKSON (4), | Title 21, U.S.C., |
| aka Daphne R. Rae, | Sec. 841(a)(1) - Possession with |
| BERNAL ANTHONY MITCHELL (5), | Intent to Distribute Crack |
| aka "Tony", | Cocaine and Methamphetamine; |
| ALLEN MATTHEW BAKER JR. (6), | Title 18, U.S.C., Sec. 2 - |
| aka "J.R."; | Aiding and Abetting; |
| aka Tracy Reyard Diggs, | Title 21, U.S.C., Sec. 853 - |
| aka Marcus Johnson, | Criminal Forfeiture |
| MICHAEL DWAYNE TRYALS (7), | |
| aka "Texas Mike", | |
| aka Michael Tryls, | |
| aka Dave Brooks, | |
| aka Leon Howard Blair, | |
| aka Earl David Hollis, | |
| BOBBY SHAWN LOCKHART (8), | |
| aka "Blue", | |
| ALEXANDER WEIR IV (9), | |
| aka "Brick", | |
| ALEXANDER WEIR V (10), | |
| aka "Lil' Brick", | |
| FELIPE MEDINA (11), | |
| MELVIN ANDRE BIBBS (12), | |
| MARK EDWARD RUNNELS (13), | |
| aka "Marky Mark", | |
| Defendants. | |

AGS:nlv:San Diego
1/30/08

The grand jury charges:

**INTRODUCTORY ALLEGATIONS**

At all times material to this Indictment:

1.    Defendant ELEODORO CASTILLO-URBINA, aka "Onko", aka "Uncle", supplied cocaine base in the form of crack cocaine (hereinafter referred to as "crack cocaine") to defendant LEE VAUGHN WALKER, aka "Lee Dog".

2.    Defendant ALLEN MATTHEW BAKER JR., aka "J.R.", aka Tracy Reyard Diggs, aka Marcus Johnson, supplied defendant LEE VAUGHN WALKER with crack cocaine.

3.    In addition to supplying defendant LEE VAUGHN WALKER with crack cocaine, defendant ALLEN MATTHEW BAKER JR., aka "J.R.", aka Tracy Reyard Diggs, aka Marcus Johnson, distributed crack cocaine.

4.    Defendant LEE VAUGHN WALKER distributed crack cocaine and methamphetamine.

5.    Defendant MICHAEL DWAYNE TRYALS, aka "Texas Mike", aka Michael Tryls, aka Dave Brooks, aka Leon Howard Blair, aka Earl David Hollis, distributed crack cocaine.

6.    Defendant LEE VAUGHN WALKER and defendant MICHAEL DWAYNE TRYALS shared crack cocaine sources of supply.

7.    Defendant MELVIN ALEXANDER distributed both crack cocaine and methamphetamine for defendant LEE VAUGHN WALKER.

8.    Defendants DAPHNE ROSALINDA JACKSON, aka Daphne R. Rae, BERNAL ANTHONY MITCHELL, aka "Tony", BOBBY SHAWN LOCKHART, aka "Blue", and MARK EDWARD RUNNELS, aka "Marky Mark", worked for defendant LEE VAUGHN WALKER out of LEE VAUGHN WALKER's residence located at 4881 Rolando Ct., Apt. 69, San Diego, California ("WALKER's apartment").

1    9.    Specifically, defendants DAPHNE ROSALINDA JACKSON, BERNAL

2  ANTHONY MITCHELL, BOBBY SHAWN LOCKHART and MARK EDWARD RUNNELS worked

3  for defendant LEE VAUGHN WALKER receiving, distributing and storing

4  crack cocaine and methamphetamine, and collecting drug proceeds.

5    10.    Defendants ALEXANDER WEIR IV, aka "Brick", ALEXANDER WEIR V,

6  aka "Lil' Brick", and MELVIN ANDRE BIBBS distributed crack cocaine for

7  defendant  LEE  VAUGHN  WALKER.    Defendant  ALEXANDER  WEIR  IV,

8  aka "Brick", also distributed methamphetamine for defendant LEE VAUGHN

9  WALKER.

10    11.    Defendant FELIPE MEDINA worked as a courier, transporting

11  crack cocaine for one of defendant LEE VAUGHN WALKER's suppliers.

12                              **Count 1**

13    **(Conspiracy to Distribute Crack Cocaine, 21 U.S.C. §§ 841, 846)**

14    12.    Paragraphs 1 through 7 are realleged and incorporated by

15  reference herein.

16    13.    Beginning on a date unknown and continuing up to and

17  including  January  16,  2008,  within  the  Southern  District  of

18  California,  defendants  LEE  VAUGHN  WALKER,  aka  "Lee  Dog",  MELVIN

19  ALEXANDER, ELEODORO CASTILLO-URBINA, aka "Onko", aka "Uncle", DAPHNE

20  ROSALINDA  JACKSON,  aka  Daphne  R.  Rae,  BERNAL  ANTHONY  MITCHELL,

21  aka "Tony", ALLEN MATTHEW BAKER JR., aka "J.R.", aka Tracy Reyard

22  Diggs, aka Marcus Johnson, MICHAEL DWAYNE TRYALS, aka "Texas Mike",

23  aka Michael Tryls, aka Dave Brooks, aka Leon Howard Blair, aka Earl

24  David Hollis, BOBBY SHAWN LOCKHART, aka "Blue", ALEXANDER WEIR IV,

25  aka "Brick", ALEXANDER WEIR V, aka "Lil' Brick", FELIPE MEDINA, MELVIN

26  ANDRE BIBBS, and MARK EDWARD RUNNELS, aka "Marky Mark", knowingly and

27  intentionally conspired with each other and others known and unknown

28  to the grand jury to distribute 50 grams and more of a mixture and

                                  3

1 substance containing cocaine base in the form of crack cocaine, a

2 Schedule II Controlled Substance; in violation of Title 21, United

3 States Code, Section 841(a)(1).

OVERT ACTS

5    14.   To further the above conspiracy and accomplish its objects,

6 the following overt acts, among others, were committed within the

7 Southern District of California:

October 6-7, 2007

(WALKER, BAKER and WEIR IV)

10    15.   On or about October 6, 2007, defendant ALLEN MATTHEW

11 BAKER JR. and defendant LEE VAUGHN WALKER negotiated by telephone for

12 the sale of 9 ounces of crack cocaine.    Defendant ALLEN MATTHEW

13 BAKER JR. told defendant LEE VAUGHN WALKER that he wanted to be paid

14 $4,500 for 9 ounces of crack cocaine ($500 per ounce), stating,

15 "forty-five, homie, cause that's five-hundred a piece." Defendant LEE

16 VAUGHN WALKER then counter-offered, "I give you forty-two, but this

17 is gonna be a consistent thing with me.   It's gonna be bigger and

18 better."

19    16.   On or about October 7, 2007, defendant ALEXANDER WEIR IV and

20 defendant LEE VAUGHN WALKER discussed, by telephone, the quality of

21 the 9 ounces of crack cocaine that defendant LEE VAUGHN WALKER had

22 recently obtained, with defendant LEE VAUGHN WALKER stating, "Ain't

23 no good, homie.  Ain't no good.   I, I cooked that s---, ain't no

24 good." Defendant ALEXANDER WEIR IV agreed, saying, "I looked at it

25 and could tell.   It was too, it was too, it was too cut up.   How many

26 of 'em you get?"   Defendant LEE VAUGHN WALKER replied, "Nine. . . .

27 I'm gettin' my money back, though.   I'm callin' [the person].   I'm on

28 him.   I'm gettin' my money back."

17.  On or about October 7, 2007, defendant ALLEN MATTHEW BAKER JR. telephoned defendant LEE VAUGHN WALKER to assure him that he would exchange the crack cocaine or refund his money, and said, "I'm on my way over to the Ese's [Mexican suppliers] . . . . I'm gonna get them uh, the one's that uncooked and then I just have to take care of that other s---.  He gonna just trade it or get somethin' else," and defendant ALLEN MATTHEW BAKER JR. also guaranteed, "You don't have to worry about nothin'.  I got your bread anyway.  I told you, I bought it, so I had yo' money anyway."

<u>October 13, 2007</u>

(WALKER and RUNNELS)

18.  On or about October 13, 2007, defendant LEE VAUGHN WALKER took an order for crack cocaine over the telephone from a woman ("G.V."), who said she wanted to "get that same piece, the chicken meal."  Defendant LEE VAUGHN WALKER then gave her directions to his apartment.

19.  On or about October 13, 2007, defendant LEE VAUGHN WALKER directed defendant MARK EDWARD RUNNELS to deliver narcotics to G.V., who had arrived in the parking lot outside WALKER's apartment.  When G.V. telephoned defendant LEE VAUGHN WALKER to say that she had arrived, defendant LEE VAUGHN WALKER told her that he was sending someone out to her, and described him as a big guy, with a gray shirt and bald head.

20.  On or about October 13, 2007, defendant MARK EDWARD RUNNELS (who was then approximately 6 feet, 1 inch tall and 250 pounds, with a bald head), walked out of WALKER's apartment and returned in about one minute.

//

<u>October 23, 2007</u>

(WALKER, JACKSON and BIBBS)

21.  On or about October 23, 2007, defendant MELVIN ANDRE BIBBS, who was at WALKER's apartment with defendants DAPHNE ROSALINDA JACKSON and BOBBY SHAWN LOCKHART, telephoned defendant LEE VAUGHN WALKER in order to purchase half an ounce of crack cocaine.  Defendant MELVIN ANDRE BIBBS asked, "Can I get that for three o'clock [$300]?  Is that okay?"  And defendant LEE VAUGHN WALKER replied, "Yes."

22.  On or about October 23, 2007, defendant DAPHNE ROSALINDA JACKSON confirmed by telephone with defendant LEE VAUGHN WALKER that she would sell $300 worth of crack cocaine to defendant MELVIN ANDRE BIBBS.  Defendant DAPHNE ROSALINDA JACKSON told defendant LEE VAUGHN WALKER, "I'm gon' give this to him for three."

<u>October 27, 2007</u>

(WALKER and CASTILLO-URBINA)

23.  On or about October 27, 2007, defendant LEE VAUGHN WALKER met with a confidential source ("CS") inside WALKER's apartment for the purpose of selling crack cocaine to the CS.

24.  On or about October 27, 2007, defendant LEE VAUGHN WALKER opened the front door of his apartment, reached into some bushes located directly outside the front door, and obtained a brown paper bag, which he brought back into the apartment.

25.  On or about October 27, 2007, defendant LEE VAUGHN WALKER took crack cocaine out of the brown paper bag, weighed out approximately two ounces and provided the crack cocaine to the CS. Defendant LEE VAUGHN WALKER then received an $1,800 payment from the CS, who stated that he wanted to buy three ounces of crack cocaine.
//

1    26.  On or about October 27, 2007, defendant LEE VAUGHN WALKER

2  told the CS that he did not have the additional ounce at the moment,

3  but then defendant LEE VAUGHN WALKER telephoned defendant ELEODORO

4  CASTILLO-URBINA to obtain more crack cocaine.

5    27.  On or about October 27, 2007, defendant ELEODORO CASTILLO-

6  URBINA informed defendant LEE VAUGHN WALKER by telephone, that he

7  would deliver the crack cocaine to WALKER's apartment, but that he

8  needed some time to prepare it, saying, "Hey, can you wait thirty

9  minutes?  I'm cooking right now."  Defendant LEE VAUGHN WALKER

10  replied, "Hurry, hurry."

11    28.  On or about October 27, 2007, after the aforementioned

12  telephone call ended, defendant LEE VAUGHN WALKER told the CS that the

13  CS would have to wait for the additional ounce.

14    29.  On or about October 27, 2007, defendant ELEODORO CASTILLO-

15  URBINA, aka "Onko", aka "Uncle", telephoned WALKER's apartment to

16  inform them that he would soon be arriving with the crack cocaine,

17  telling defendant MARK EDWARD RUNNELS, who answered the telephone,

18  "I'm on my way" and that it was "Onko [Uncle]."

19    30.  On or about October 27, 2007, defendant LEE VAUGHN WALKER

20  walked up to the CS, who was standing outside WALKER's apartment, and

21  handed the CS the third "ounce" of crack cocaine.

22                      October 29, 2007

23                      (WALKER and WEIR V)

24    31.  On or about October 29, 2007, defendant ALEXANDER WEIR V

25  telephoned defendant LEE VAUGHN WALKER in order to purchase crack

26  cocaine at WALKER's apartment, asking, "[C]an I come through?"

27    32.  On or about October 29, 2007, defendant LEE VAUGHN WALKER

28  told defendant ALEXANDER WEIR V, by telephone, that he only had a few

                              7

1  quarter-ounce quantities of crack cocaine at his apartment, and that

2  he was selling the crack cocaine for $170 per quarter-ounce, saying,

3  "The only thing I got is some um, Q-tips [quarter-ounces]. . . .

4  Q-tips, quarter pound cheeseburgers [quarter-ounces]. . . . Dollar

5  seventy [$170]."

6      33.  On or about October 29, 2007, defendant LEE VAUGHN WALKER

7  directed defendant ALEXANDER WEIR V to go to WALKER's apartment, where

8  he would be able to obtain the crack cocaine from defendant BERNAL

9  ANTHONY MITCHELL.    Defendant  LEE  VAUGHN  WALKER  told  defendant

10  ALEXANDER WEIR V, by telephone, "My partner there . . . Call me when

11  you get there and tell Tony to call me."

12                       November 4, 2007

13                  (WALKER, ALEXANDER and TRYALS)

14      34.  On  or  about  November 4, 2007,  defendant  MICHAEL  DWAYNE

15  TRYALS, who was with defendant MELVIN ALEXANDER, telephoned defendant

16  LEE VAUGHN WALKER to order crack cocaine, saying, "I'm over there, he

17  [defendant  MELVIN  ALEXANDER]  ain't  got  what  I,  what  I  need."

18  Defendant LEE VAUGHN WALKER asked, "'Tina?" (meaning "Christina" or

19  crystal methamphetamine), and defendant MICHAEL DWAYNE TRYALS replied,

20  "No, what I always get."

21      35.  On or about November 4, 2007, defendant LEE VAUGHN WALKER

22  confirmed by telephone that defendant MELVIN ALEXANDER did not have

23  enough crack cocaine to meet the needs of defendant MICHAEL DWAYNE

24  TRYALS, asking, "You ain't got that for him?"   Defendant MELVIN

25  ALEXANDER said that he was almost ready, but that "[a]ll I had was um,

26  was um, was a ball.  Baseball ["8-ball" or eighth of an ounce]."

27      36.  On or about November 4, 2007, defendant LEE VAUGHN WALKER

28  told defendant MICHAEL DWAYNE TRYALS, by telephone, that he would

                                8

1  obtain the crack cocaine for him, leave it with defendant DAPHNE
2  ROSALINDA JACKSON, and then call him when it was ready, saying, "I'm
3  gonna have the boy bring it.  When he does, I'm gonna leave it here
4  with Daph [defendant DAPHNE ROSALINDA JACKSON] and she'll call you,
5  I'll call you when she gots it."

6                          November 9, 2007
7                    (WALKER, MITCHELL and TRYALS)
8        37.  On or about November 9, 2007, defendant LEE VAUGHN WALKER
9  telephoned defendant MICHAEL DWAYNE TRYALS to inform him that he would
10 give him two ounces of cocaine base, saying, "I'm just gon' give you
11 two of mine.  You can give 'em back to me tomorrow."

12       38.  On or about November 9, 2007, defendant LEE VAUGHN WALKER
13 instructed defendant MICHAEL DWAYNE TRYALS, by telephone, to go to
14 WALKER's apartment and hand the phone to defendant BERNAL ANTHONY
15 MITCHELL or defendant DAPHNE ROSALINDA JACKSON.

16       39.  On or about November 9, 2007, defendant BERNAL ANTHONY
17 MITCHELL telephoned defendant LEE VAUGHN WALKER to get instructions
18 about the delivery of two ounces of crack cocaine to defendant MICHAEL
19 DWAYNE TRYALS, asking, "Yeah, what you want me to do with that?"

20       40.  On or about November 9, 2007, defendant LEE VAUGHN WALKER
21 told defendant BERNAL ANTHONY MITCHELL, by telephone, to give two
22 ounces of crack cocaine to defendant MICHAEL DWAYNE TRYALS, asking
23 defendant BERNAL ANTHONY MITCHELL, "You give him two?"  Defendant
24 BERNAL ANTHONY MITCHELL, responded by asking, "Give who two?"  When
25 defendant LEE VAUGHN WALKER said, "Mike. Texas.", defendant BERNAL
26 ANTHONY MITCHELL responded, "No, this is . . . this . . . okay, he's
27 here.  Alright, I didn't know.  Here you go, Mike."
28 //

                                9

1        November 10, 2007

2        (WALKER and MEDINA)

3        41.   On or about November 10, 2007, defendant LEE VAUGHN WALKER

4   ordered four ounces of crack cocaine, by telephone, from a drug

5   supplier, saying, "Cuatro, amigo" [Spanish for "four, friend"].

6        42.   On or about November 10, 2007, defendant FELIPE MEDINA, who

7   was later arrested, drove away from his residence and toward WALKER's

8   apartment in a black Honda Accord, which had concealed within it

9   approximately 4.2 ounces of crack cocaine, including approximately

10  23.88 grams (0.84 ounces) crack cocaine on defendant FELIPE MEDINA's

11  person and approximately 95.80 grams (3.38 ounces) of crack cocaine

12  in a hidden compartment in the vehicle.

13  All in violation of Title 21, United States Code, Section 846.

14                          **Count 2**

15  **(Conspiracy to Distribute Methamphetamine, 21 U.S.C. §§ 841, 846)**

16       43.   Paragraphs 1 through 2 and paragraphs 4 through 6 are

17  realleged and incorporated by reference herein.

18       44.   Beginning on a date unknown and continuing up to and

19  including January 16, 2008, within the Southern District of

20  California, defendants LEE VAUGHN WALKER, aka "Lee Dog", MELVIN

21  ALEXANDER, DAPHNE ROSALINDA JACKSON, aka Daphne R. Rae, BERNAL ANTHONY

22  MITCHELL, aka "Tony", BOBBY SHAWN LOCKHART, aka "Blue", ALEXANDER WEIR

23  IV, aka "Brick", and MARK EDWARD RUNNELS, aka "Marky Mark", knowingly

24  and intentionally conspired with each other and others known and

25  unknown to the grand jury to distribute 500 grams and more of a

26  mixture and substance containing a detectable amount of

27  methamphetamine, a Schedule II Controlled Substance; in violation of

28  Title 21, United States Code, Section 841(a)(1).

1          OVERT ACTS

2      45.   To further the above conspiracy and accomplish its objects,

3   the following overt acts, among others, were committed within the

4   Southern District of California:

5                    September 26, 2007

6                   (WALKER and JACKSON)

7      46.   On or about September 26, 2007, defendant LEE VAUGHN WALKER

8   told defendant DAPHNE ROSALINDA JACKSON, by telephone, that "the white

9   boy Bobby's out there in a convertible Porsche" and told her to

10  "[g]ive him um, you know um, you know that girl Christina [crystal

11  methamphetamine]" for "fifty cent [$50]."

12     47.   On or about September 26, 2007, defendant DAPHNE ROSALINDA

13  JACKSON walked out of WALKER's apartment and met a white male, who was

14  waiting outside the apartment complex in a convertible Porsche.

15                   September 29, 2007

16                  (WALKER and LOCKHART)

17     48.   On or about September 29, 2007, defendant LEE VAUGHN WALKER

18  received an order from a white female named "Shay," over the

19  telephone, for "two of those that I got of the Christina [crystal

20  methamphetamine]."

21     49.   On or about September 29, 2007, defendant LEE VAUGHN WALKER

22  instructed defendant BOBBY SHAWN LOCKHART, by telephone, that "[y]ou

23  got $300 coming by the white broad, she wants to shoot two games of

24  pool [two "8-balls" or eighths-of-an-ounce] with you for $300."

25     50.   On or about September 29, 2007, defendant BOBBY SHAWN

26  LOCKHART agreed to prepare the methamphetamine, telling defendant LEE

27  VAUGHN WALKER, by telephone, "Let me go make it."

28  //

11

1                              <u>October 22, 2007</u>

2                              (WALKER and WEIR IV)

3        51.   On or about October 22, 2007, defendant ALEXANDER WEIR IV

4    requested methamphetamine pricing information, by telephone, from

5    defendant LEE VAUGHN WALKER, asking, "How much do I charge for half

6    a 'tainer ["teener" or sixteenth-of-an-ounce] of potato salad?" and

7    later clarifying, "Half a 'tainer, man, half a 'tainer, half a 'tainer

8    of Christina [crystal methamphetamine]."

9        52.   On or about October 22, 2007, defendant LEE VAUGHN WALKER

10   directed defendant ALEXANDER WEIR IV, by telephone, to charge $90 for

11   a "teener," or one-sixteenth of an ounce, of methamphetamine.   When

12   defendant ALEXANDER WEIR IV asked, "One point seven five is what?

13   Half a 'tainer. . .", defendant LEE VAUGHN WALKER stated, "That's a

14   whole teener."    Defendant LEE VAUGHN WALKER directed defendant

15   ALEXANDER WEIR IV to charge "[n]inety bucks."

16                             <u>November 2, 2007</u>

17                            (WALKER and ALEXANDER)

18       53.   On or about November 2, 2007, defendant LEE VAUGHN WALKER

19   took an order for methamphetamine by telephone from Shay, who asked

20   if   she   could   come   over   to   talk   with   "Christina   [crystal

21   methamphetamine]," and defendant LEE VAUGHN WALKER told her to come

22   to his apartment.

23       54.   On or about November 2, 2007, defendant LEE VAUGHN WALKER

24   telephoned defendant MELVIN ALEXANDER, in order to obtain one "8-ball"

25   (one-eighth of an ounce) of methamphetamine for Shay, telling him,

26   "Bowling balls ["8-balls"]."  When defendant MELVIN ALEXANDER replied,

27   "What you want?   Two?", defendant LEE VAUGHN WALKER said, "No, one"

28   and added that it was for "my friend Shay.   This lady I came with."

                                    12

1       55.   On or about November 2, 2007, defendant MELVIN ALEXANDER and
2    defendant LEE VAUGHN WALKER confirmed by telephone the location of the
3    sale of methamphetamine and how defendant MELVIN ALEXANDER would
4    identify the buyer, with defendant MELVIN ALEXANDER saying that he
5    would walk outside his apartment located at 6225 Stanley Ave., Apt. 1,
6    San Diego, California ("ALEXANDER's apartment") to wait for Shay
7    there, and defendant LEE VAUGHN WALKER saying that Shay would be
8    driving a gold, four-door Lexus.

9       56.   On or about November 2, 2007, defendant MELVIN ALEXANDER
10   walked outside his apartment and, within minutes, met a white female
11   who was driving a gold, four-door Lexus.

12   All in violation of Title 21, United States Code, Section 846.

13                          **Count 3**

14            **(Distribution of Crack Cocaine, 21 U.S.C. § 841)**

15      57.   On or about May 9, 2007, within the Southern District of
16   California, defendant LEE VAUGHN WALKER, aka "Lee Dog", knowingly and
17   intentionally distributed 50 grams and more, to wit: approximately
18   71.8 grams of a mixture and substance containing a detectable amount
19   of cocaine base in the form of crack cocaine, a Schedule II Controlled
20   Substance;   in   violation   of   Title   21,   United   States   Code,
21   Section 841(a)(1), and Title 18, United States Code, Section 2.

22                          **Count 4**

23            **(Distribution of Crack Cocaine, 21 U.S.C. § 841)**

24      58.   On or about May 23, 2007, within the Southern District of
25   California, defendant LEE VAUGHN WALKER, aka "Lee Dog", knowingly and
26   intentionally distributed 50 grams and more, to wit: approximately
27   71.2 grams of a mixture and substance containing a detectable amount
28   of cocaine base in the form of crack cocaine, a Schedule II Controlled

Substance; in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

### Count 5

**(Distribution of Crack Cocaine, 21 U.S.C. § 841)**

59. On or about June 14, 2007, within the Southern District of California, defendant LEE VAUGHN WALKER, aka "Lee Dog", knowingly and intentionally distributed 5 grams and more, to wit: approximately 45.9 grams of a mixture and substance containing a detectable amount of cocaine base in the form of crack cocaine, a Schedule II Controlled Substance; in violation of Title 21, United States Code, Section 841(a)(1).

### Count 6

**(Distribution of Crack Cocaine, 21 U.S.C. § 841)**

60. On or about July 17, 2007, within the Southern District of California, defendant LEE VAUGHN WALKER, aka "Lee Dog", knowingly and intentionally distributed 5 grams and more, to wit: approximately 10.8 grams of a mixture and substance containing a detectable amount of cocaine base in the form of crack cocaine, a Schedule II Controlled Substance; in violation of Title 21, United States Code, Section 841(a)(1).

### Count 7

**(Distribution of Crack Cocaine, 21 U.S.C. § 841)**

61. On or about October 27, 2007, within the Southern District of California, defendant LEE VAUGHN WALKER, aka "Lee Dog", knowingly and intentionally distributed 50 grams and more, to wit: approximately 69 grams of a mixture and substance containing a detectable amount of cocaine base in the form of crack cocaine, a Schedule II Controlled

//

14

1  Substance; in violation of Title 21, United States Code,
2  Section 841(a)(1).

3  ## Count 8

4  **(Possession with Intent to Distribute Crack, 21 U.S.C. § 841)**

5  62. On or about November 10, 2007, within the Southern District
6  of California, defendants LEE VAUGHN WALKER, aka "Lee Dog", and FELIPE
7  MEDINA knowingly and intentionally possessed with intent to distribute
8  50 grams and more, to wit: approximately 119.68 grams of a mixture and
9  substance containing a detectable amount of cocaine base in the form
10  of crack cocaine, a Schedule II Controlled Substance; in violation of
11  Title 21, United States Code, Section 841(a)(1), and Title 18, United
12  States Code, Section 2.

13  ## Count 9

14  **(Distribution of Crack Cocaine, 21 U.S.C. § 841)**

15  63. On or about November 19, 2007, within the Southern District
16  of California, defendant LEE VAUGHN WALKER, aka "Lee Dog", knowingly
17  and intentionally distributed 5 grams and more, to wit: approximately
18  5.91 grams of a mixture and substance containing a detectable amount
19  of cocaine base in the form of crack cocaine, a Schedule II Controlled
20  Substance; in violation of Title 21, United States Code,
21  Section 841(a)(1), and Title 18, United States Code, Section 2.

22  ## Count 10

23  **(Possession with Intent to Distribute Crack Cocaine
24  and Methamphetamine, 21 U.S.C. § 841)**

25  64. On or about January 16, 2008, within the Southern District
26  of California, defendant MELVIN ANDRE BIBBS knowingly and
27  intentionally possessed with intent to distribute approximately
28  2 grams of a mixture and substance containing a detectable amount of

1  cocaine base in the form of crack cocaine and 6 grams of a mixture and
2  substance containing a detectable amount of methamphetamine, both
3  Schedule II Controlled Substances; in violation of Title 21, United
4  States Code, Section 841(a)(1), and Title 18, United States Code,
5  Section 2.

6                        **FORFEITURE ALLEGATIONS**

7      65.   The allegations contained paragraphs 1 through 60 of
8  Counts 1 through 10 are realleged and by this reference fully
9  incorporated herein for the purpose of alleging forfeiture to the
10 United States of America pursuant to the provisions of Title 21,
11 United States Code, Section 853.

12     66.   As a result of the commission of the felony offenses alleged
13 in Counts 1 through 10 of this indictment, said violations being
14 punishable by imprisonment for more than one year and pursuant to
15 Title 21, United States Code, Section 853(a)(1), defendants LEE VAUGHN
16 WALKER, aka "Lee Dog", MELVIN ALEXANDER, ELEODORO CASTILLO-URBINA,
17 aka "Onko", aka "Uncle", DAPHNE ROSALINDA JACKSON, aka Daphne R. Rae,
18 BERNAL ANTHONY MITCHELL, aka "Tony", ALLEN MATTHEW BAKER JR.,
19 aka "J.R.", aka Tracy Reyard Diggs, aka Marcus Johnson, MICHAEL DWAYNE
20 TRYALS, aka "Texas Mike", aka Michael Tryls, aka Dave Brooks, aka Leon
21 Howard Blair, aka Earl David Hollis, BOBBY SHAWN LOCKHART, aka "Blue",
22 ALEXANDER WEIR IV, aka "Brick", ALEXANDER WEIR V, aka "Lil' Brick",
23 FELIPE MEDINA, MELVIN ANDRE BIBBS, and MARK EDWARD RUNNELS, aka "Marky
24 Mark", shall, upon conviction, forfeit to the United States all
25 rights, title and interest in any and all property constituting, or
26 derived from, any proceeds the Defendant obtained, directly or
27 indirectly, as the result of the offenses, including but not limited
28 to:

                                16

1          a.    a sum of money equal to $20,000 in United States

2   currency, representing the amount of proceeds obtained as the result

3   of the conspiracy to distribute cocaine base in the form of crack

4   cocaine as described in Count 1, for which the defendants charged in

5   Count 1 are jointly and severally liable;

6          b.    a sum of money equal to $30,000 in United States

7   currency, representing the amount of proceeds obtained as the result

8   of the conspiracy to distribute methamphetamine as described in

9   Count 2, for which the defendants charged in Count 2 are jointly and

10  severally liable;

11         c.    approximately $626 in U.S. currency seized on

12  January 16, 2008 from 7410 Cuvier St., Unit 4, La Jolla, California

13  (a residence of defendant LEE VAUGHN WALKER, aka "Lee Dog");

14         d.    approximately $718 in U.S. currency seized on

15  January 16, 2008 from 6225 Stanley Ave., Apt. 1, San Diego, California

16  (a residence of defendant MELVIN ALEXANDER);

17         e.    approximately $2,136 in U.S. currency seized on

18  January 16, 2008 from 4770 Home Ave. Apt. 301, San Diego, California

19  (a residence of defendant ELEODORO CASTILLO-URBINA, aka "Onko",

20  aka "Uncle");

21         f.    approximately $1,360 in U.S. currency seized on

22  January 16, 2008 from 4147 43rd St., Apt. A, San Diego, California (a

23  residence of defendant MICHAEL DWAYNE TRYALS, aka "Texas Mike",

24  aka Michael Tryls, aka Dave Brooks, aka Leon Howard Blair, aka Earl

25  David Hollis);

26         g.    approximately $1,955 in U.S. currency seized on

27  January 16, 2008 from 745 42nd St., San Diego, California (a residence

28  of defendant ALEXANDER WEIR IV, aka "Brick"); and

17

h.    approximately $500 in U.S. currency seized on January 16, 2008 from 4068 44th St., Apt. 104, San Diego, California (a residence of defendant MELVIN ANDRE BIBBS).

67.    As a result of the commission of the felony offenses alleged in Counts 1 through 10 of this indictment, said violations being punishable by imprisonment for more than one year and pursuant to Title 21, United States Code, Section 853(a)(2), defendants LEE VAUGHN WALKER, aka "Lee Dog", MELVIN ALEXANDER, ELEODORO CASTILLO-URBINA, aka "Onko", aka "Uncle", DAPHNE ROSALINDA JACKSON, aka Daphne R. Rae, BERNAL ANTHONY MITCHELL, aka "Tony", ALLEN MATTHEW BAKER JR., aka "J.R.", aka Tracy Reyard Diggs, aka Marcus Johnson, MICHAEL DWAYNE TRYALS, aka "Texas Mike", aka Michael Tryls, aka Dave Brooks, aka Leon Howard Blair, aka Earl David Hollis, BOBBY SHAWN LOCKHART, aka "Blue", ALEXANDER WEIR IV, aka "Brick", ALEXANDER WEIR V, aka "Lil' Brick", FELIPE MEDINA, MELVIN ANDRE BIBBS, and MARK EDWARD RUNNELS, aka "Marky Mark", shall, upon conviction, forfeit to the United States all rights, title and interest in any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violations alleged in this indictment, including but not limited to:

a.    a 1998 Chevy Tahoe V8, registered to Virginia Rebecca Hughes, bearing California license plate number 3XSH296 and VIN 1GNEK13R3WJ333366 (a vehicle driven by defendant LEE VAUGHN WALKER, aka "Lee Dog");

b.    a 2004 Nissan Armada V8, registered to Ricardo Napoles, bearing California license plate number 5LDP491 and VIN 5N1AA08A34N746851 (a vehicle driven by defendant ELEODORO CASTILLO-URBINA, aka "Onko", aka "Uncle");

1          c.   a 2005 Cadillac CTS Sedan V6, registered to Pedria D.

2    Tatumstarks and defendant ALEXANDER WEIR IV, aka "Brick", bearing

3    California license plate number 6AIM935 and VIN 1G6DP567450188336 (a

4    vehicle driven by defendant ALEXANDER WEIR IV, aka "Brick");

5          d.   a 1998 Cadillac Deville D'Elegance, registered to

6    Tonica Weir, bearing California license plate number 4YGR821 and

7    VIN 1G6KE54Y7WU782339 (a vehicle driven by defendant ALEXANDER WEIR V,

8    aka "Lil' Brick"); and

9          e.   a 2000 Honda Accord 4DR, registered to Hermelindo

10   Medina, bearing California license plate number 6AMM960 and

11   VIN 3HGCG6657YG702226 (a vehicle driven by defendant FELIPE MEDINA).

12        68.  If any of the above-described forfeitable property, as a

13   result of any act or omission of the defendant

14        a.   cannot be located upon the exercise of due diligence;

15        b.   has been transferred or sold to, or deposited with, a

16   third party;

17        c.   has been placed beyond the jurisdiction of the Court;

18        d.   has been substantially diminished in value; or

19        e.   has been commingled with other property which cannot

20   be subdivided without difficulty;

21   //

22   //

23   //

24   //

25   //

26   //

27   //

28   //

1 | it is the intent of the United States, pursuant to Title 21, United
2 | States Code, Section 853(p), to seek forfeiture of any other property
3 | of the defendant up to the value of the said property listed above as
4 | being subject to forfeiture.
5 | All in violation of Title 21, United States Code, Section 853.
6 |     DATED: January 30, 2008.
7 |                                    A TRUE BILL:
8 |
9 |                                    _____
10 |                                   Foreperson
11 | KAREN P. HEWITT
   | United States Attorney
12 |
13 | By: _____
14 |     ANDREW G. SCHOPLER
   |     Assistant U.S. Attorneys
15 |
16 |
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |